

# The Attorney General of Texas

November 24, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jim Mapel
Criminal District Attorney
Brazoria County Courthouse
Angleton, Texas    77515

Opinion No. MW-394

Re: Whether articles 998, 999 and 999a, V.T.C.S., apply to towns incorporated under provisions of chapter 11 of Title 28, V.T.C.S.; or, in the alternative, what provisions for the appointment of peace officers apply when a town has been incorporated under chapter 11 of Title 28

Dear Mr. Mapel:

You have inquired whether the provisions of articles 998, 999 and 999a, V.T.C.S., would apply to a town organized under the provisions of chapter 11 of Title 28, V.T.C.S. Your concern arises from the possibility that a town under your jurisdiction might appoint an unauthorized person to act as a peace officer leaving that person open to possible criminal prosecution under section 37.11 of the Texas Penal Code.

The town in question was incorporated under provisions which are codified as chapter 11, Title 28. Its population has declined until it has reached the present level of thirty (30) persons. You state there is still an acute need for local law enforcement beyond the level that can be provided by the sheriff of Brazoria County. At the present time, the office of city marshal is vacant because none of the residents are interested in seeking election to such office. At all times since incorporation the town has operated under the provisions of chapter 11 of Title 28.

It is clear that articles 998, 999 and 999a do not apply to any town which has not met the prerequisites set out in article 961, V.T.C.S. Article 961 provides in mandatory language in its last sentence: "The provisions of this title shall not apply to any city, town or village until such provisions have been accepted by the council in accordance with this article."

Under your set of facts, the town council is authorized in section 7, article 1146 to appoint "such officers, other than those mentioned in this chapter, as shall be deemed necessary to carry out the provisions of the same." In the case of Early v. State, 97 S.W. 82 (Tex. Crim. App. 1906), the court held that the predecessor to article 1146 empowered the board of aldermen of such a town or village to appoint policemen. It should be noted there is no residence requirement in chapter 11, Title 28 for the officers appointed under article 1146.

As long as the person appointed under article 1146 does not have a "dual office holding" problem, see Attorney General Opinion V-70 (1947), and is properly certified by the Law Enforcement Standards Commission, he would be lawfully authorized to act as a peace officer.

### S U M M A R Y

Articles 998, 999, and 999a, V.T.C.S., do not apply to towns incorporated under chapter 11, Title 28, unless said town follows the prerequisites of article 961, V.T.C.S. Chapter 11 towns may utilize the provisions of article 1146 to lawfully appoint the needed peace officers.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by W. Reed Lockhoof
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
W. Reed Lockhoof
Jim Moellinger